# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JOHN MARTIN, Plaintiff, *v.* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY,
Defendant.

*Negligence — the rate at which a train is running, when crossing a highway in the
country, may be considered by the jury in determining whether or not the railroad
company has been guilty of negligence.*

Motion for a new trial on a case and exceptions ordered to be
heard in the first instance at the General Term, after a verdict ren-
dered in favor of the plaintiff. The action was brought to recover
damages for an injury sustained by the plaintiff by being struck by
one of the defendant's trains while crossing its lands upon a
highway.

The plaintiff and his companion Weaver were engaged in driv-
ing cows to pasture across the track upon a highway. The plain-
tiff went in front of the cattle, Weaver behind. He crossed a
bridge over a creek and went up towards the railroad crossing. He
testified that as he went he looked both ways for the cars, and heard
and saw nothing. There were bushes which there prevented a person
from seeing up the track until he was on it. As he got in the mid-
dle of the track he looked up and down, and at once saw a train
crossing from the west. He tried to turn round and keep the cows
back, and he says that when struck he was facing toward Weaver,
and that just before the time he was struck, he jumped back off the
track. Weaver says about two-thirds of the cows (about thirty-five
in all) had crossed the track. Three were killed, and the plaintiff
was injured by the train.

The court at General Term, after holding that there was evidence

which would justify the jury in finding that the plaintiff was free from all contributory negligence, and that the defendant was guilty of negligence in failing to sound the whistle when approaching the crossing, said : " But another very important question relates to the speed of the train. There is evidence tending to show that it was running at a very high rate of speed. The court had charged that the defendants were bound to exercise care, and as they approached the crossing not to run at an unusual or dangerous rate of speed. The court said that the speed did not necessarily establish negligence, but left it for the jury to determine whether there was negligence.

" The defendant insists that a railroad company has a right to run its trains on its own land at a high rate of speed. Perhaps that is so. But this crossing was not its own land. It was land belonging to another, over which the public had a right of travel, and the railroad had also a right of passage. The defendant acknowledges that a high speed through a city or crowded locality is a circumstance bearing on the question of negligence, when insufficient notice is given. (*Cordell* v. *N. Y. C. and H. R. R. R.*, 70 N. Y., 119 ; *Salter* v. *Utica and B. R. R. Co.*, 14 Week. Dig., 136.) But the defendant claims that it is only in a city or village that this rule applies ; that in the country a high speed at a crossing is not to be considered on the question of negligence. We do not think this correct. The law is properly laid down in *Cont. Imp. Co.* v. *Stead* (95 U. S. R., 161). Speaking of a crossing on a level the court say : ' The train has the preference and right of way. But it is bound to give due warning of its approach. * * * Such warning must be reasonable and timely. But what is reasonable and timely warning may depend on many circumstances. It cannot be such if the speed of the train be so great as to render it unavailing. The explosion of a cannon may be said to be a warning of the coming shot, but the velocity of the latter generally outstrips the warning. The speed of a train at a crossing should not be so great as to render unavailing the warning of its whistle and bell.' That is the principle which should be applied here. Where there is an excessive rate of speed, that may be considered by the jury, not perhaps as being in itself negligence, but as requiring at a crossing a warning which shall be available, and as tending to make the ordinary warning of no effect.

" This view of the law was stated by this court on the decision of the case of Whitbeck (decided January, 1880, not reported), and we refer to that opinion, and we understand the charge of the court to be this in substance, and in the language used by the court in the last cited case, " a judge is not bound to charge upon assumed facts in the *ipsissima verba* of counsel, nor to give categorical answers to a juridical catechism based on such assumption. * * * When he explains the whole law applicable to the case in hand * * * he cannot be called upon to express it in the categorical form based upon assumed facts, which counsel choose to present to him."

*E. Countryman*, for the plaintiff.

*Matthew Hale*, for the defendant.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Motion for new trial denied, and judgment ordered for plaintiff on verdict, with costs.